IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**SYLVESTER LEE BRANCH**                                              **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 2:07cv353-KS-MTP**

**KENTRELL LIDDELL, et al.**                                    **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Motion to Dismiss [20] filed by Defendant April Meggs. The court having considered the Motion finds that it should be DENIED.

Plaintiff Sylvester Lee Branch filed his Complaint [1] on December 11, 2007, pursuant to 42 U.S.C. § 1983, naming Dr. Kentrell Liddell and April Meggs as Defendants. In her Motion [20], Ms. Meggs urges that she should be dismissed from this action because Plaintiff failed to properly seek judicial review of the Administrative Remedy Program ("ARP"). Specifically, Ms. Meggs argues that Plaintiff failed to file his Complaint within thirty days of the MDOC's final decision issued in the ARP, as required by Mississippi Code Ann. § 47-5-801 through § 47-5-807. Ms. Meggs offers no authority for her position.

Mississippi Code Ann. § 47-5-801 provides that "[t]he Department of Corrections is hereby authorized to adopt an administrative review procedure at each of its correctional facilities in compliance with [42 U.S.C. 1997e] . . . ." Mississippi Code Ann. § 47-5-807 states that "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision."

The Prison Litigation Reform Act provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). While Section 1997e does require inmates to exhaust their administrative remedies prior to filing a complaint under Section 1983, Sections 47-5-801 through 47-5-807 of the Mississippi Code do not require an inmate to file a Section 1983 complaint within thirty days of an ARP decision. Rather, the time limitation set forth in these sections of the Mississippi Code applies to an appeal of a final ARP decision to a state court. *See, e.g., Goul v. Waller*, No. 5:05cv55-DCB-JCS, 2006 WL 2130418, at * 2 (S.D. Miss. July 27, 2006) (noting that while plaintiff exhausted his claim that he was wrongly convicted of an RVR, he could have further pursued the matter in state court as provided by Miss. Code Ann. § 47-5-807); *Siggers v. Epps*, 962 So. 2d 78, 80 (Miss. Ct. App. 2007) (stating that Miss. Code Ann. § 47-5-807 "requires that a prisoner exhaust administrative remedies before a state court may entertain the prisoner's grievance or complaint"); *Craft v. State*, 766 So. 2d 92, 96 (Miss. Ct. App. 2000) (stating that an inmate who is dissatisfied with the final decision of the administrative review agency may appeal such decision to the circuit court within thirty days of the decision pursuant to Miss. Code Ann. § 47-5-807).

  Here, Plaintiff is not appealing the MDOC's decision on his ARP grievance; rather, he is bringing a civil rights complaint pursuant to 42 U.S.C. § 1983 for the alleged constitutional violations by Defendants. The statute of limitations for filing a Section 1983 complaint in Mississippi is three years from the date the plaintiff knew or should have known of the injury and its cause. *See Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992) ("Because no specified federal statute of limitations exists for section 1983 suits, federal courts borrow the forum state's general or residual personal injury limitations period."); *Edwards v. Jasper County Youth Court*,

94 Fed. Appx. 224, 224-25 (5th Cir. 2004) (holding that district court correctly applied Mississippi's three-year statute of limitations to plaintiff's Section 1983 claim).  Plaintiff has exhausted his claim through the ARP as evidenced by the certificate attached to his Complaint [1], and his claims were brought within three years of the alleged violation.  Ms. Meggs' unsupported argument that Plaintiff's claim against her should be dismissed for his failure to file his Section 1983 Complaint within thirty days of the final ARP decision is without merit.  Accordingly,

    IT IS, THEREFORE, ORDERED that the Motion to Dismiss [20] filed by Defendant April Meggs is DENIED.

    SO ORDERED this the 24th day of June, 2008.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge