**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**SYLVESTER LEE BRANCH**                                                         **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 2:07cv353-MTP**

**KENTRELL LIDDELL, et al.**                                                  **DEFENDANTS**

**OPINION AND ORDER**

THIS MATTER is before the court on the Defendants' Motion for Summary Judgment [43],[1] Plaintiff's Motion for Summary Judgment [46], and Plaintiff's Motion for Order to Direct MDOC to Provide Medical Care [49]. The court, having considered the submissions of the parties and the applicable law, finds that the Defendants' Motion [43] should be GRANTED, and that Plaintiff's Motions [46][49] should be DENIED.

FACTUAL BACKGROUND

Plaintiff, Sylvester Lee Branch, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on December 11, 2007. Plaintiff is currently incarcerated at the Central Mississippi Correctional Facility ("CMCF"), after having been convicted of statutory rape and gratification of lust in Hinds County. Through his complaint and as clarified during his *Spears*[2] hearing, Plaintiff alleges that Defendants denied him adequate medical treatment in violation of the Eighth Amendment. Specifically, Plaintiff alleges that Defendants failed to provide him with orthopedic shoes and special shower shoes through the Administrative Remedy Program ("ARP"). *See* Scheduling and Case Management Order [34].

---

[1] *See* Joinder [45].

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on June 23, 2008. The transcript from Plaintiff's *Spears* hearing is cited herein as "Tr. __." *See* Transcript [38].

The events in Plaintiff's complaints allegedly occurred while he was incarcerated at the South Mississippi Correctional Institution ("SMCI").

On September 2, 2008, Defendant April Meggs filed her Motion for Summary Judgment [43], and Defendant Kentrell Liddell filed her Joinder [45] in the Motion [43]. Plaintiff filed his Motion for Summary Judgment [46] on October 30, 2008, and filed his Response [51] in opposition to the Defendants' Motion [43] on January 29, 2009. Plaintiff also filed his Motion for Order to Direct MDOC to Provide Medical Care [49] on January 12, 2009.

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to the non-movant, the movant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the movant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a

remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

Denial of Adequate Medical Care

Plaintiff alleges that Defendants Dr. Kentrell Liddell and April Meggs, SMCI Site Administrator, denied him adequate medical care in violation of the Eighth Amendment. Specifically, Plaintiff alleges that Defendants failed to provide him with orthopedic shoes and special shower shoes through the ARP on the grounds that such shoes were not medically necessary.

Plaintiff claims that he had his right great toe amputated on November 25, 2003, while he was incarcerated in the county jail in Hinds County. (Tr. 17.) He claims he needs special shoes

3

due to the amputation and related complications. Plaintiff claims that he did not have the special shoes when he entered MDOC custody in March 2006, but that while he was incarcerated in CMCF, his doctor ordered him medical orthopedic shoes. (Tr. 17-18.) After he was transferred to SMCI in April 2006, Plaintiff claims he was initially told that SMCI would not provide him with orthopedic shoes. However, Plaintiff testified that after they looked at his chart and saw that the doctor from Rankin County ordered them, the SMCI doctor said "Well, since they bought them and they're paying for them, we'll get them from them." (Tr. 18.) Plaintiff received his orthopedic shoes a few months later. *Id.*

Plaintiff alleges that when he requested replacement orthopedic shoes about a year later, his request was denied. *Id.* Plaintiff subsequently filed a grievance with the ARP requesting replacement orthopedic shoes and special shower shoes and requesting a transfer to another facility if they could not meet his medical needs. Plaintiff claims that April Meggs signed off on his ARP first step response, stating that the orthopedic shoes were not medically necessary, and denying his transfer. (Tr. 15, 18-19.) He claims that Dr. Liddell signed off on the ARP third step response, also denying his requests, which makes her liable. (Tr. 12-13.) Plaintiff testified that neither Ms. Meggs nor Dr. Liddell ever examined him, and that their only involvement with his claim was responding adversely to his ARP request. (Tr. 12-15; 19-20; 25-26.)

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*,

4

463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 838. "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). A supervisory prison official may only be held liable for the actions of a subordinate if he "'affirmatively participate[s] in acts that cause constitutional deprivation' or 'implement[s] unconstitutional policies that causally result in plaintiff's injury.'" *Johnson v. Scott*, 31 Fed. Appx. 836, 2002 WL 243359, at *1 (5th Cir. Jan. 23, 2002) (quoting *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). A prisoner is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. CIVA 403CV141WHBJCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

The record reflects that Dr. Woodall examined Plaintiff and determined that orthopedic shoes were not medically necessary. (Tr. 25-26.) After Plaintiff requested orthopedic shoes through the ARP, April Meggs signed off on his ARP first step response, and Dr. Liddell signed off on his ARP third step response, both stating that orthopedic shoes were not medically necessary. *See* Ex. D to Motion [43-7]; Complaint [1] at 6. Plaintiff testified that neither Dr. Liddell nor April Meggs ever examined him, but that they agreed with Dr. Woodall (who did examine Plaintiff) that special shoes were not medically necessary. (Tr. 12-15; 19-20; 25-26). Indeed, Plaintiff testified that Defendants' only involvement with his claims was denying his requested relief through the ARP. *Id.*

Plaintiff has failed to establish a constitutional claim against Defendants, as he has failed to allege, much less establish, that Defendants affirmatively participated in the alleged violation or implemented an unconstitutional policy that causally resulted in his injury. *See Johnson*, 2002 WL 243359, at *1; *see also Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999) (dismissing plaintiff's claims against Parchman's medical director since he was not plaintiff's treating physician and had limited contact with him); *Phillips v. Monroe County*, 143 F. Supp. 2d 663, 668 (N.D. Miss. 2001) (dismissing plaintiff's claims against Parchman's medical director since he had no contact with plaintiff).

Even if Defendants were personally involved with Plaintiff's claim, he has failed to establish that Defendants were deliberately indifferent to a serious medical need. There is no evidence in the record that Plaintiff was exposed to a "substantial risk of serious harm," and that Defendants were aware of such risk and disregarded it. *See Farmer*, 511 U.S. at 838; *see also Hernandez v. Velasquez*, 522 F.3d 556, 561(5th Cir. 2008) (affirming summary judgment in

6

favor of defendants on plaintiff's claim for deliberate indifference, since plaintiff's alleged muscle atrophy, stiffness, loss of range of motion, and depression did not pose a substantial risk of serious harm). Plaintiff's disagreement with Dr. Woodall's opinion, and Defendants' concurrence, that the orthopedic shoes were not medically necessary simply does not amount to a constitutional violation. *See Norton*, 122 F.3d at 292; *Guillen v. Stanley*, No. 5:04cv16, 2006 WL 2065571, at *5-6 (E.D. Tex. July 24, 2006) (holding that prisoner's disagreement with medical personnel's opinion that he did not need medical boots did not amount to a constitutional violation); *Thomas v. Herrera*, No. C.A.C-04-619, 2005 WL 3307528, at *6 (S.D. Tex. Dec. 6, 2005) (holding that plaintiff's disagreement with doctor's failure to prescribe him special work boots was not a cognizable constitutional claim; "Indeed, even if plaintiff could establish that orthopedic boots were appropriate, his claim would amount to no more than negligence, which is not actionable").

Finally, Plaintiff does not have a constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007). Accordingly, Plaintiff's allegation that Defendants failed to grant him his requested relief through the ARP also fails to establish a constitutional violation.

For the foregoing reasons, Defendants are entitled to judgment as a matter of law on Plaintiff's claims. Neither Plaintiff's Response [51] in opposition to Defendants' Motion [43] nor the documents and testimony made a part of the record establish a genuine issue of material fact.

Likewise, Plaintiff has failed to meet his burden of establishing he is entitled to judgment as a matter of law. Plaintiff fails to offer any evidence or arguments in support of his two-page Motion for Summary Judgment [46]. Instead, he merely states that he appeared before the court for a *Spears* hearing on June 23, 2008, that Defendants produced documents in accordance with the court's scheduling order, and that he "humblely (sic) request[s] a summery (sic) of judgement (sic), disposition and status report." *See* Motion [46]. Accordingly, his motion should be denied.

<u>Plaintiff's Motion for Order to Direct MDOC to Provide Medical Care</u>

In his one-page Motion for Order to Direct MDOC to Provide Medical Care [49], Plaintiff requests the court to order MDOC to send him to a foot specialist for an assessment of his feet. Plaintiff claims that his feet are getting worse from improper foot care provided by the medical department at the facility. The court liberally construes Plaintiff's Motion [49] as a motion for a preliminary injunction.

Plaintiff's claims alleged in his complaint occurred at SMCI. (Tr. 5.) Plaintiff is now incarcerated at CMCF. Neither CMCF nor its employees are named Defendants in this matter. Plaintiff's vague and conclusory allegations are insufficient to merit injunctive relief.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an

extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

The court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits for the reasons set forth above, and has failed to make a clear showing of irreparable harm. Plaintiff does not allege how the medical treatment is inadequate, who has denied him medical care, or how his feet are getting worse. Accordingly, he is not entitled to the extraordinary remedy of injunctive relief and his Motion [49] should be denied.

## CONCLUSION

For the reasons stated above, the court finds that Defendants' Motion for Summary Judgment [43] is GRANTED, that Plaintiff's Motion for Summary Judgment [46] is DENIED, and that this action should be dismissed with prejudice. The court further finds that Plaintiff's Motion for Order to Direct MDOC to Provide Medical Care [49] is DENIED.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 3rd day of February, 2009.

s/ Michael T. Parker
United States Magistrate Judge